IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATHLEEN DeWEESE,

          Plaintiff,

v.                                      CIVIL ACTION NO. 3:15-16210

CAROLYN W. COLVIN,
Acting Commissioner of the
SOCIAL SECURITY ADMINISTRATION,
in her official capacity,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment. ECF No. 4. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

1.      Introduction

In the Complaint, Plaintiff Kathleen DeWeese alleges that her direct supervisor, John Patterson, Jr., discriminated and retaliated against her based on her age and disabilities. Compl. ¶¶ 9–20, ECF No. 1. As such, Plaintiff contends that the conditions of her employment forced her to resign in May of 2014 after 25 years of working for the Social Security Administration. *Id.* Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration, alleges in her Motion to Dismiss that Plaintiff, after resigning, proceeded to contact the Social Security Administration's Office of Civil Rights and Equal Opportunity and complained of alleged discrimination on the basis of "age" and "retaliation/reprisal." Def.'s Mot. to Dismiss, Ex. 1, ECF No. 4-1. Pursuant to the process outlined in 29 C.F.R. § 1614.105(a), an Equal Employment

Opportunity ("EEO") Counselor was assigned to Plaintiff's complaint. *Id.* Additionally, as part of this administrative process, Plaintiff signed a Notice of Rights and Responsibilities containing the following instruction: "You have the right to . . . [f]ile a complaint within **fifteen (15) calendar days** of receipt of the EEO Counselor's Notice of Right to Rile a Formal Complaint at the conclusion of EEO counseling or ADR." Def.'s Mot. to Dismiss, Ex. 2, ECF No. 4-2.

On November 6, 2014, Plaintiff was sent the EEO Counselor's Report and a Notice of the Right to File a Formal Equal Employment Opportunity Complaint of Discrimination. Def.'s Mot. to Dismiss, Exs. 1, 3, ECF No. 4-1, 4-3. The cover letter informed Plaintiff that she needed to file a formal complaint within 15 calendar days of receiving of the Notice. *Id.* Specifically, the Notice stated, "[i]f you choose to file a formal EEO complaint, you must do so within fifteen (15) calendar days of the date you receive this notice." *Id.* According to the UPS tracking number, this Notice was delivered to Plaintiff's address on November 11, 2014, and another copy was delivered to her attorney's address on November 17, 2014. Def.'s Mot. to Dismiss, Ex. 5, ECF No. 4-5. As such, Defendant alleges that even using the later notice date, Plaintiff had until December 2, 2015 to file a formal EEO complaint, in order to comply with the 15-day deadline. Def.'s Mem. in Supp. of Mot. to Dismiss 3, ECF No. 5.

However, Plaintiff did not submit a formal EEO complaint until July 29, 2015, almost 8 months after her 15-day deadline had passed. Def.'s Mot. to Dismiss, Ex. 6, ECF No. 4-6. In the cover letter for her formal EEO complaint, Plaintiff alleged she discovered that her "EEO file [had been] misfiled in my old taxes" and that "[i]t was my understanding that my response had been faxed to you, having charged my previous paralegal to do so. However I did not find a receipt of delivery in the file." *Id.* On October 5, 2016, the Associate Commissioner for Civil Rights and Equal Opportunity issued a Final Agency Decision dismissing Plaintiff's EEO complaint as

untimely, citing Plaintiff's failure to file her EEO complaint in accordance with 29 C.F.R. § 1614.107(a)(2). Def.'s Mot. to Dismiss, Ex. 7, ECF No. 4-7. Plaintiff then filed her instant Complaint on December 17, 2015.

## II.     Legal Standard

"Where a challenge under Rule 12(b)(1) is raised to the asserted basis for subject matter jurisdiction, the burden of proving the asserted basis for jurisdiction falls on the plaintiff." *Melendez v. Sebelius*, 611 Fed. Appx. 762, 763 (4th Cir. 2015) (citing *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Furthermore, "[i]n determining whether jurisdiction exists, the district court is to regard the pleading's allegations in the complaint as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (citing *Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982)). Finally, "the district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999) (internal quotation marks and citation omitted).

Defendant contends dismissal is appropriate here because Plaintiff failed to exhaust her administrative remedies. The Court agrees.

## III.     Discussion

Plaintiff lists five claims in her Complaint: (1) disability discrimination in violation of Title VII of the Civil Rights Act of 1964;[1] (2) age discrimination in violation of the Age Discrimination

---

[1] Defendant notes that although Plaintiff pled Count One under Title VII, it should have been properly pled under the Rehabilitation Act. *See* 29 C.F.R. § 1614.103(a).

in Employment Act ("ADEA"); (3) reprisal for engaging in protected activities; (4) violation of the Rehabilitation Act of 1973; and (5) hostile and abusive working environment. Compl. ¶¶ 23–45, ECF No. 1. Each of these claims is rooted in either Title VII, the ADEA, or the Rehabilitation Act, all of which require Plaintiff to exhaust administrative remedies before filing in federal court. *Melendez v. Sebelius*, 611 Fed. Appx. 762, 763 (4th Cir. 2015) ("Federal employees . . . who seek to enforce their rights under Title VII, . . . and the Rehabilitation Act must exhaust their available administrative remedies before pursuing an action in federal court.")[2] (emphasis added); *Nesbit-Harris v. Jackson*, No. 3:07-696, 2008 WL 2329173, at *3 (E.D. Va. June 3, 2008) (holding that the ADEA requires exhaustion of administrative remedies prior to filing suit in federal court).[3]

---

[2] Plaintiff argues that under *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992), a plaintiff can raise a retaliation claim under Title VII for the first time in federal court. The Court finds that Plaintiff's argument is misguided. *Nealon* stands for the limited holding that a plaintiff asserting a Title VII claim of retaliation need not exhaust administrative remedies before filing suit in federal court only if the retaliation occurred as a result of filing a previous EEO charge. *Id.* at 590. See *Brown v. Runyon*, 139 F.3d 888, *3 (4th Cir. 1998) (unpublished table decision) ("*Nealon*[] . . . presupposes both that a retaliation count in a Title VII lawsuit be 'related to' and have 'grown out' of the EEO charge while the administrative charge remained pending. If either predicate condition is lacking, the rule cannot operate to overcome a plaintiff's failure to have exhausted administrative remedies."). Here, the retaliation alleged by Plaintiff did not stem from a previously filed EEO complaint, but rather allegedly occurred before Plaintiff instituted the EEO process. As such, *Nealon* is inapplicable to the instant case.

[3] Plaintiff argues that "the ADEA does not require Plaintiff to exhaust administrative remedies before filing [a federal] suit." Pl.'s Resp. to Def.'s Mot. to Dismiss 4, ECF No. 6. In making this argument, Plaintiff relies on two cases from the Ninth Circuit issued in 1995 and 2003 – *Bak v. Postal Service*, 52 F.3d 241 (9th Cir. 1995) and *Bankston v. White*, 345 F.3d 768 (9th Cir. 2003). First, these Ninth Circuit cases are not binding on this Court. Second, as pointed out by Defendant, a later case decided by the Ninth Circuit affirmed the dismissal of ADEA claims where the plaintiff failed to both pursue an administrative remedy and provide timely notice of intent to sue to the Equal Employment Opportunity Commission ("EEOC") (this alternative procedure for filing ADEA claims in federal district court will be discussed later). See *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).

Additionally, notwithstanding the fact that these Ninth Circuit cases cited by Plaintiff are not binding upon this Court, the Court agrees with the analysis indicated in *Nesbit-Harris*, a case decided by a district court in this Circuit, finding that there is an administrative exhaustion requirement for ADEA claims brought by a federal employee. *Nesbit-Harris*, 2008 WL 2329173 at *2–3. Therefore, the Court adopts the reasoning outlined in *Nesbit-Harris*, which relied on

Exhaustion of administrative remedies is necessary and important for several reasons. As explained recently by the Fourth Circuit:

> The exhaustion requirement exists to minimize "judicial interference with the operation of the federal government." *Doe v. Oberweis Dairy*, 456 F.3d 704, 712 (7th Cir. 2006). The requirement is meant "'to give the agency the opportunity to right any wrong it may have committed.'" *Jasch v. Potter*, 302 F.3d 1092, 1096 (9th Cir. 2002) (quoting *McRae v. Librarian of Congress*, 843 F.2d 1494, 1496 (D.C.Cir. 1988) (per curiam)). "If the agency has had this opportunity and has made a determination concerning discrimination, the administrative process has not been obstructed. It has been exhausted." *Jasch*, 302 F.3d at 1096.

*Melendez*, 611 Fed. Appx. at 763. The Fourth Circuit further explained what exhaustion requires:

> "Exhaustion [with respect to a federal employee] requires that a plaintiff comply with regulatory and judicially-imposed exhaustion requirements, including the requirement to pursue the administrative claim with diligence and in good faith." [*Jasch*, 302 F.3d] at 1094 (internal quotation marks omitted). "A complainant's failure to cooperate in the administrative process precludes exhaustion when it prevents the agency from making a determination on the merits." *Id.*; *see Wilson v. Pena*, 79 F.3d 154, 164 (D.C.Cir. 1996) ("If a complainant forces an agency to dismiss . . . the complaint by failing to provide sufficient information to enable [investigation], he may not file . . . suit. Even though the dismissal is final action, . . . the suit will be barred for failure to exhaust administrative remedies." (internal quotation marks omitted)); *Woodard v. Lehman*, 717 F.2d 909, 915 (4th Cir. 1983) ("When the plaintiffs refused to provide such information and thereby frustrated administrative review of the merits of their claims, the District Court should not have reached the merits of their claims but should have granted the defendant's motion to dismiss for failure to exhaust administrative remedies." (internal quotation marks omitted)).

*Id.*

Here, Plaintiff failed to exhaust her administrative remedies under Title VII, the ADEA, and the Rehabilitation Act before filing suit in federal court. Pursuant to 29 C.F.R. §§ 1614.105(a), (d) and 29 C.F.R. § 1614.106(b) — applicable to Title VII, the ADEA, and the Rehabilitation Act[4]

---

holdings in various other Circuits, and declines to adopt Plaintiff's argument.

[4] "Individual and class complaints of employment discrimination and retaliation prohibited by Title VII . . . , the ADEA . . . , [or] the Rehabilitation Act . . . shall be processed in accordance with this part." 29 C.F.R. § 1614.103(a).

— an aggrieved person "must [first] consult a Counselor prior to filing a complaint in order to try to informally resolve the matter," and if the matter cannot be resolved, the individual has the "right to file a discrimination complaint within 15 days of the receipt of the notice."[5] 29 C.F.R. §§ 1614.105(a), (d). Plaintiff failed to comply with the regulation's 15-day time limit, as she filed her formal complaint almost 8 months after she received the EEO Counselor's Report and Notice of the Right to File a Formal Equal Employment Opportunity Complaint of Discrimination. Def.'s Mot. to Dismiss, Exs. 3, 6, ECF No. 4-3, 4-6. As such, Plaintiff has failed to exhaust her administrative remedies, and her claims must be dismissed for lack of subject matter jurisdiction.[6] Thus, Defendant's Motion to Dismiss (ECF No. 4) is GRANTED.

---

[5] Defendant also points out, with respect to Plaintiff's ADEA claims, that 29 C.F.R. § 1614.201(a) provides an alternative process for filing an ADEA claim in federal court. Specifically:
> [a]s an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action. Such notice must be filed in writing with the EEOC, at P.O. Box 77960, Washington DC 20013, or by personal delivery or facsimile within 180 days of the occurrence of the alleged unlawful practice.

29 C.F.R. § 1614.201(a). However, Plaintiff also failed to abide by this alternative route to pursue her ADEA claims, as she failed to provide the agency with 30 days' notice of her intent to file suit within 180 days of the alleged unlawful practice.

[6] Plaintiff also argues that equitable tolling should apply to her claims, based on "extraordinary circumstances beyond plaintiff's control [that] made it impossible to file the claims on time." Pl.'s Resp. to Def.'s Mot. to Dismiss 6, ECF No. 6 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). Plaintiff alleges that her extraordinary conditions included that "she experienced health conditions impairing her mental ability to ensure she timely filed her papers. . . . [and] Ms. DeWeese entrusted her paralegal to file her papers, and, unfortunately, this delegation ultimately resulted in the dismissal of her claims as untimely." Pl.'s Resp. to Def.'s Mot. to Dismiss 7, ECF No. 6.

First, the Fourth Circuit has previously held that equitable tolling based on mental health issues is only appropriate "in cases of profound mental incapacity," including "institutionalization or adjudged mental incompetence." *U.S. v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). For example, in *Sosa*, the Court held that the plaintiff's mental conditions, schizoaffective disorders and generalized anxiety disorder, were not a sufficient basis for equitable tolling. *Id.* Similarly here, Plaintiff's contentions

## IV. Conclusion

Because Plaintiff failed to exhaust her administrative remedies, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack for subject matter jurisdiction is **GRANTED**. ECF No. 4.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 24, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

are not sufficient to allege that her mental health issues meet the high threshold necessary for equitable tolling. *See Nesbit-Harris v. Jackson*, No. 07-696, 2008 WL 2329173, at *3–4 (E.D. Va. June 3, 2008); *Fowler v. Geithner*, No. 2:09-225, 2010 WL 9473352, at *3 (E.D. Va. Aug 4, 2010) ("Profound mental incapacity rather than mere mental illness is required.") (citation omitted). Additionally, Plaintiff's failure to diligently follow up with her paralegal to ensure that her complaint was timely filed also fails to qualify as an extraordinary circumstance. Not only was it Plaintiff's responsibility to ensure that she complied with the 15-day deadline, but Plaintiff was represented by counsel at this time as well. Therefore, the Court finds Plaintiff's arguments regarding equitable tolling unconvincing.